IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TAVON SMITH #350-645
        Plaintiff

v.                            : CIVIL ACTION NO. RDB-10-1482
                                (Consolidated with RDB-10-1517)

WARDEN                     :
        Defendant

## MEMORANDUM OPINION

Tavon Smith ("Smith"), a self-represented plaintiff confined at North Branch Correctional Institution (NBCI), has filed a Complaint pursuant to 42 U.S.C. §1983. Defendant Warden Bobby Shearin moves to dismiss or in the alternative for summary judgment (ECF No. 15). Smith opposes the dispositive motion. (ECF No. 17). After review of the pleadings, exhibits, and applicable law, the Court determines that a hearing is unwarranted. Local Rule 105.6 (D. Md. 2010). For the reasons that follow, the dispositive motion, construed as a motion for summary judgment, will be GRANTED and judgment will be ENTERED in favor of Warden Shearin.[1]

## PLAINTIFF'S CLAIMS

Smith complains that NBCI personnel tamper with his outgoing mail and as a result (1) a letter to family was received two months after it was given to prison staff for mailing and (2) a previously-filed civil rights action in this Court was dismissed because Smith could not respond to a motion for summary judgment. Smith also claims he did not receive a piece of mail postmarked February 18, 2010 until April of 2010.[2] He states these instance of interference with mail were undertaken in retaliation for his assisting fellow prisoners with their litigation. Smith seeks injunctive relief mandating his transfer from NBCI to an institution outside the Cumberland, Masryland region where he can keep all personal property in his cell.[3] Smith also requests money damages. In his amended complaint Smith asserts that he filed grievances with

---

[1] Smith previously moved this Court to deny Shearin's request for additional time to file a response. (ECF No. 12). The motion shall be denied nunc pro tunc.

[2] He does not indicate actual injury as a result of this delay.

[3] The Court notes that Maryland prisoners are restricted as to the types and amount of personal property they may keep in their cells. Division of Correction Directive (DCD) 220-1 et seq.

the Warden but received no consideration for his claims.[4]

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249. "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.' " *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir.2003). In that context, a court is obligated to consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corporation*, 475 U.S. 574, 587 (1986); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). However, Rule 56 mandates summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## DISCUSSION

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 (PLRA) requires that "prisoners ... exhaust such administrative remedies as are available prior to filing suit in federal court." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (internal quotation marks omitted) (quoting 42 U.S.C. § 1997e(a)). The PLRA applies to "all inmate suits about prison life, whether they involved general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Before bringing suit in

---

[4] The caption of the amended complaint references "NBCI mailroom staff" but does not name specific individuals as party defendants.

federal court, "a prisoner must have utilized all available remedies 'in accordance with the applicable procedural rules,' so that prison officials have been given an opportunity to address the claims administratively." *Id.* (quoting *Woodford v. Ngo*, 548 U.S. 81, 88(2006)). Exhaustion is mandatory and unexhausted claims may not be brought in court. *See Jones v. Bock*, 549 U.S. 199 (2007). A district court may sua sponte "dismiss [ ] a complaint where the failure to exhaust is apparent from the face of the complaint" as long as the inmate is provided the "opportunity to respond to the issue" prior to dismissal. *Anderson v. XYZ Correctional Health Services., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

Here, Defendant raises the failure to fully exhaust administrative remedies as an affirmative defense. ECF No. 15 at 3-4 and exhibits 6-9. Smith contends he attempted exhaustion by filing an initial ARP complaint with Defendant and appealing the denial of the complaint to the Commissioner of Corrections. He claims he abandoned further efforts when told that the ARP process did not address concerns regarding the handling of mail. ECF No. 17 at 1-2. Defendant indicates that Smith was notified that one of his ARP appeals was dismissed in part for procedural reasons because prisoners may not seek relief through the ARP process for withheld mail. ECF No. 15, Exhibit 7 at 3. If the ARP process is not available to prisoners seeking to grieve the withholding of mail, they cannot be barred from litigating mail claims in this forum due to the failure to exhaust such remedies. Defendant is not entitled to dismiss this case due to Smith's failure to exhaust administrative remedies.

## CLAIMS AGAINST THE NAMED DEFENDANT

To the extent Smith might intend to premise liability against Warden Shearin based on supervisory liability known as the doctrine of respondeat superior, the doctrine does not apply in § 1983 proceedings. *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Absent an allegation of personal involvement or unconstitutional policy or custom, there is no legal basis to find Defendant Shearin liable. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994). That finding, however, does not end the inquiry, given Smith's allegation that prison practices are impeding his right to access to the courts.

## DENIAL OF ACCESS TO COURTS

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.' *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) *quoting Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

To support his claim that mail room personnel impeded his access to courts Smith references *Smith v. Green*, Civil Action No. RDB-09-2319 (D. Md.). He states that he filed two affidavits in January of 2010 in support of his opposition to a pending dispositive motion in that case, but the undersigned granted the dispositive motion in April 2010 as unopposed. ECF No. 17 at 2-3. Smith does not reference other cases in which a denial of access to the court may have occurred.

Review of the docket in Civil Action No. RDB-09-2319 belies this allegation. Defendant Green filed a dispositive motion on December 10, 2009, and Smith was provided notice of an opportunity to respond on January 11, 2010. ECF Nos. 8 and 10. On April 5, 2010, the undersigned granted Green's motion for summary judgment as unopposed. ECF Nos. 11 and 12. On April 9, 2010, Smith wrote the Clerk stating that he was unable to file an opposition motion because his personal property, which included evidence needed to litigate his case, had not been forwarded to him after his November 19, 2009 transfer from ECI to NBCI. ECF No. 13. Smith

4

neither sought reconsideration of the decision nor noted an appeal. No support exists to bolster Smith's claim that NBCI mailroom personnel were responsible for his failure to present opposition material to the Court in that previous action.

**RETALIATION**

In order to prevail on a claim of retaliation, Smith "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone. *See Gill v. Mooney*, 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim). Smith has not met his burden establishing a denial of access to courts, his primary constitutional nexus to asserting a claim of retaliation. He has established no actual injury, other than inconvenience, as a result of actions that may have delayed the mailing and receipt of mail sent to or received from friends and family.[5]

**CONCLUSION**

Considering the facts and all reasonable inferences in the light most favorable to Smith, the Court finds that no genuine issue as to any material fact is presented. Defendant is entitled to summary judgment. A separate Order follows.

March 10, 2011
Date

_RICHARD D. BENNETT_
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[5] Futhermore, he has no liberty interest concerning transfer between correctional facilities, *see Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983). Smith's request for such relief fails.